So I guess we'll move on to Civil Reserve. We're going to move on to C to see if there's anything new to be said. This might be a shorter argument, unless you think it's all been said. All right, well, let's focus then on what is distinguishable about the two cases. I don't want to just rehash arguments we've already done. All right, so Mr. Goldfein? The main distinctions between the two cases is that there was, in plaintiff C and Cristiano, unlike plaintiff Milligan, there are no such emails reflecting the dispute. So that's the main primary distinction. They're similar in the sense that district court bootstrapped the magistrate in the Milligan court's reasoning. Is rate 46 in this case? Regulation 64 is not in this case. It is in the case, but there's not a legal dispute as to how. Is it a new car? I'm sorry, Your Honor. It's not a new car. But it's a different provision of Regulation 64 that's at. So there's a different valuation. There's different language in the policy regarding valuation, but that's not the question we're called upon to decide today, right? We're just figuring out today whether the appraisal clause was timely invoked, right? That's the only thing we have to figure out. Correct, correct. And the difference is that there is no July 2015, I believe, emails. The first notice of the dispute was the filing of the complaints and the amended complaints. In these cases, we would not have had any reason to invoke and demand appraisal up until the point. But the timeliness clause is the same in both policies. The timeliness clause is the same. So we would go back, if you got your way, we would remand to the district court to conclude, to basically make findings as to when the proof of loss was filed. There was no proof of loss. That's the issue. The proof of loss is what is the triggering event for the appraisal provision, right? A proof of loss within the context of the appraisal clause is the triggering event, correct? If a proof of loss was filed, then that would be what triggers the appraisal provision. If there's an email like the July one for C and Cristiano, then the court would conclude that your 60 days is wrong. If there is an email like that, correct. Again, the first notice of disagreement is the complaint for C and then the amended complaint for plaintiff Cristiano here. And that demonstrates the problem with the approach is that it effectively reads out the approach used by the magistrate and used by the district courts in their ultimate rulings here, reads out the appraisal clause. And you can see it more clearly. You effectively read out proof of loss, it seems to me. You seem to suggest that a proof of loss doesn't have to be filed and it can be filed at any time. And that we shouldn't worry about that. We should assume that absent a dispute over the amount of loss, we shouldn't be concerned about the proof of loss. In the context of this case, absolutely correct. I mean, you can't invoke an appraisal clause, demand an appraisal clause unless there's a dispute. No, you can. You can write a thing that says you have 60 days after the proof of loss to invoke the binding arbitration. It may be commercially foolish to have written it in to realize now that it actually takes a lot more than 60 days to figure out if there's a dispute. And that it would have been more sensible to write the clause, like other insurance companies do, saying, and if there's a dispute over the amount of the loss, it shall be sent to binding arbitration. But you wrote a clause that gives you, that handcuffs you to 60 days. And it may have been, again, commercially foolish. But you have to interpret it against the drafter, against the insurance company. So you live with it. Again, Your Honor, I believe the proof of loss context is defined in this circuit and elsewhere by the context of the way it's being used. In the appraisal clause, it's meant to reflect some proof, like the July emails in Milligan, that there's a dispute. Now, we have a- I was going to say that in this circuit, but we're dealing with New York law, right? Correct. It's in New York. The plain reading of- State law, not federal law. Correct. The plain reading of the New York law, A, says you have to give meaning to the plain meaning of the terms. The first language there is if. You're reading the word if out of the appraisal clause. If there's a dispute, the proof of loss 60-day clock starts. You're reading that out. There has to be a dispute, a disagreement. Right, but it hasn't been in 60 days. If you had a clause that says you can do something if you have measles, you can file a lawsuit in January or February. That doesn't mean if I have measles, I can file something in December. Well, I didn't have measles until December. It's the if and then when, and that doesn't necessarily mean that it becomes when based on two conditions. Again, Your Honor, I respectfully disagree. The if clause says there has to be a disagreement first and then a proof of loss reflecting that. No, it doesn't say that. Read it again. You're making this up, Mr. Goldfein. It doesn't say that. It says if there is a dispute, if we in the insured do not agree on the amount of loss, either may, within 60 days of the proof of loss being filed, demand an appraisal. It doesn't say that the proof of loss has to identify what the dispute is. In the context as this court- I know, you've said that a hundred times. Okay. I mean- Thank you, Your Honor. Again, the factual differences between Milligan and, on one hand, Plaintiff C and Plaintiff Christiana, on the other hand, is that they did not raise any dispute, period, until they filed the complaint. Thank you. We'll now hear from Mr. Bates. Good morning, Your Honors. May it please the Court. Hank Bates on behalf of the plaintiff and the proposed class. I feel like I'm a little late to the party. You're within 60 days. In effect, GEICO is asking this court to rewrite its contract form and delete the 60-day deadline that you all have been discussing, at least in these isolated instances. They've had this contract, exact language we know, since at least 2007. Because that's the Greenbrier case in Illinois, the exact verbatim language where the court ruled, just like the court in Milligan, just like Magistrate Judge Wicks, and just like Judge Chin below here, that the contract says what it says. There's a 60-day window in which to invoke the appraisal process. And you have 60 days. Does that mean you have to start an appraisal process even if there's no dispute arising? It'd be odd to start an appraisal process with no dispute. And that can't be what the party's intent. I disagree, Your Honor. The party's intended that people will start an appraisal proceeding if they have an arbitration, if they don't have any dispute? No. It says if we have a dispute, one, and it's within 60 days, you may invoke the appraisal clause. The first one is common sense. You're not going to invoke an appraisal clause without a dispute. The second is the clear... Within 60 days of? Proof of laws. Okay. And in your case, what's the proof of laws? In our case, the exact... Our case was converted... In our case, the case was converted to motion for summary judgment on this limited issue. And we put in our proof, the report for plaintiff C. They reported the loss, provided the information needed on September 22nd, 2020. And then the payment was made to the lien holder on September 29th and to be assured on October 6th. From our perspective, the proof of laws, the information they needed, was on September 22nd. A similar factual pattern... September 22nd, when, what is the event? It's... You all referenced it... What is it? I'm about to say it. The event that is the proof of laws? Yes. It is providing the information reasonably needed to pay the claim. And that's why all three courts have addressed this. But then if you say, there's my car and it's flattened, that's enough, isn't it? That is enough, correct. But it says a sworn proof of loss. How is that sworn? I'm sorry to interrupt you. Yeah, go ahead. I mean, it's not a sworn proof of loss, including all information we may reasonably require, is what's the duty of the insurer to provide. So was there something sworn that your client said? Again, proof of laws is not defined in the complaint. Well, it says sworn proof of loss, so does that not mean anything? In this context, the process before GEICO is to provide the information to the insurance company. In this instance, it was done, I believe, by phone calls. So this was converted to summary judgment, right? On this one issue, yes. Okay. Just on the issue of the appraisal clause, yes. And are we therefore relying on what? On the allegations of the complaint? No, no, Your Honor. We had a small window to put in additional actual factual discovery. We put in an affidavit from each of the plaintiffs. Point us to where in the record, literally in the appendix, we find the allegation. Because I see the allegation in the complaint, I think it's paragraph 29. It said each plaintiff made a property damage claim to defendants. But where are we finding something in the record that constitutes evidence that there was a proof of loss? For Plaintiff C, we put in the declaration at appendix 256, and it included a declaration. And then the documents that also documented when the loss was reported, my car has been smushed, and then when the actual payment was. And then the courts ruled, as both Breenbriar did and the Milligan court ruled, that at the very latest, looking at the evidence that's most favorable to the defendant. Just to pause, though, just to make sure I'm looking at the right pages. It's A256, the declaration of Everett C, paragraph 3. I reported the claim to GEICO on September 22nd, 2020. Correct. And then the attachments there, too. Well, the attachments are all the GEICO evaluation report, the letter from GEICO. There's no attachment that constitutes the communication from the plaintiff to GEICO. Correct. And then for, did I give you the page number for Cristiano? And that's A285? Correct, Your Honor. I reported the claim to GEICO on October 12th, 2018. And then we provide the documentation of how the claims process. But the attachments are from GEICO, not from the plaintiff. Correct. They were documents presented by the plaintiff. They were documents generated by GEICO. Right, and you're asking us to infer from that combination of the affidavit saying I reported this claim to GEICO, plus the attachment saying that they actually valued it, or gave A value, which obviously you don't think is right, but A value and then paid it out, that we should infer that the statement in the affidavit saying I reported the claim can only be taken to mean I provided proof of loss. Which is correct, which is consistent with the contractual language that says a proof of loss is the information they reasonably need. And we also, as he said in our briefing, the Merriam-Webster dictionary of what proof of loss is. But surely the most common thing that happens with insurance is somebody tells the insurance company, my car was totaled, and the insurance company says, yeah, and they write a check. I mean, we don't want to discourage insurance companies. New York law does not discourage insurance companies from promptly writing a check so that people can replace their car, right? Correct. But if they do that, why do we assume, therefore, that everyone is dissatisfied with it? Or that there's a proof, the proof of claim, surely, and proof of loss that triggers a dispute, surely has to be one that disagrees. Well, again, if you go back to the language- It's been written. I don't understand this. Or if you go back- It sounds to me that that's what you want an insurance company to do. You want them to promptly write a check to the insured in the amount that the insurance company thinks is the proper amount, right? And then, according to you, there's implicit disagreement there. There's people unhappy. They can start a lawsuit without going through the process of arbitration. A couple things on that. Help me understand this because it doesn't make any sense. If you read the language, it says, If we in the insurer do not agree on the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal. Where's the evidence, where's the indication that your client didn't agree with the amount of loss that GEICO figured out and wrote a check to your client for? Well, there is none because it doesn't matter. It sets a context. They have an affirmative defense of accord and satisfaction that may go to this. They may say that you blew through this, but that's not the purpose of this appeal, right? Correct. I mean, there may be defenses here that said you snooze, you lose. Here's the check. That was your opportunity to say, oh, I don't agree with that. And then you could seek appraisal. Of course, if you don't have to seek appraisal, it seems, under the appraisal clause. Correct. And the defense of accord and satisfaction is not before the court now. And your argument, I take it, is that the way this clause is drafted, if no dispute arises within the 60-day period after proof of loss, basically tough luck to either side. If there is no dispute or you don't know about the dispute, well, oh, well, because the contract only opens a 60-day window. And the 60-day window doesn't change, doesn't extend into the future or get told or something based on whether there's a dispute. It's just maybe, again, a commercially foolish thing for the insurance company to have put in there if they wanted to have binding arbitration extend into the future. They could have written it that way. Two points on that. Contracts come in all shapes and sizes. There are contracts that have no arbitration or appraisal clauses whatsoever. There are contracts where a party can never unilaterally require appraisal. It always has to be a mutual agreement. There are contracts where you can unilaterally demand appraisal that have no deadline whatsoever on it. All of those are reasonable contracts. GEICO's had this contract written this way since at least 2007. One can deduce from that that most of the time they like that 60-day deadline in there. They may like it because it gives finality. They know that after 60 days it's behind them and an insurer isn't going to show up and make them spend extra time and money on an appraisal. So most of the time they're happy with their contract. And then every once in a while, here in the context of class actions, they show up and say, Court, can you please rewrite our contract, at least in this isolated instance, so that it doesn't have this 60-day deadline? And I respectively ask that the court not do that. Well, I mean, in fact, having this appraisal provision with the 60-day limit might have bad consequences for plaintiffs. I mean, most of the time they have to act pretty quickly. They could offer a check, and then they've got to decide, huh, I filed my proof of loss a month ago. It gives me 30 days or less to demand an appraisal. So there might be commercial reasons to do it. Exactly. From the insurance company's perspective. But what would it make of the fact that the proof of loss is not defined in this policy? Well, we go to explain meaning and we propose to go. What do we go to? We propose to go to the dictionaries, which is the Merriam-Webster Dictionary, which we quote in our briefing, is a statement submitted to an insurer setting forth a loss that the insurer expects to be covered. Fairly straightforward reporting of the loss. And what about the sworn component of the language in the policy? That's not defined. There's no mechanism. There's nothing to, you know, Geico does not have any procedures where you sign anything. I would read that to simply be consistent with the language that says all information we may reasonably require, and with the dictionary definition and with their longstanding policies and procedures of doing this relatively informally. Well, I mean, it's your point that they would, I mean, that they would waive. If the proof of loss provides all the information needed and it's enough for the carrier to write a check, but it's not sworn, your argument would be that, well, they've waived that. They're barred from asserting the lack of a swearing to be fatal to the proof of loss. We're not making a waiver argument. We're making a construction of a contract argument that- All right. But if the argument is that you didn't swear to anything, so you didn't do a sworn proof of loss, so there is no proof of loss, therefore, I'm not sure what, then your view is that that appraisal provision doesn't kick in at all if there's no sworn proof of loss. Is that right? Our argument is that proof of loss under the contract is to require, is simply to report the loss and to provide enough information for the insurance company to act. And a swearing is not required, even though it's in the policy multiple times. Under the longstanding policies and procedures of GEICO, the swearing is providing the information. Yes. What's your basis for saying that? Because that's- Or how would we find that? Well, this argument wasn't raised below, so we don't have a record. But I'm just trying to figure out what a sworn proof of loss is because that's what kicks in at the time. Right. I'm amazed that nobody seems to be able to articulate what the heck a proof of loss is, let alone what a sworn one is. Well, again, I think you go to the dictionary definition. You go to the language in the policy that says all information we may reasonably require. No, no, no, the dictionary definition of sworn says that? No, of proof of loss. No, no, no, I think we're focusing on the word sworn. What is the dictionary definition of swear? I thought that means take a note. I would say generally it does, yes. But if I look at it in the context of how these contracts have played out for decades, there's no indication that that's what it means in this context. Right. I'm not aware of any- Should we set it down so we can get more context and more discovery? No, Your Honor. I do not believe so at all. I think in this instance what the language says is within 60 days after proof of loss is filed, the information was provided. As all three courts that have addressed this, the court in Illinois in 2007, Milligan in 2017 is when the district court addressed it, and now Magistrate Judge Wicks and Judge Chin have said at the time of payment, at the very latest, considering everything favorable to the insurer, they have received the proof of loss. They have the information they needed to pay. How do we know that? They cut a check. I guess I would have just thought that your argument would be this is a contract that has many defined terms. Proof of loss is a defined term. That's the only thing that triggers the appraisal requirement. If there are other references to what happens when there are requirements for sworn proof of loss, the fact that sworn doesn't appear in the appraisal provision means that the sworn part is not part of the triggering. Yes, Your Honor. I guess that's what I would have thought. I mean, there are all these- Well, I would agree with you on that as well. And if some parts of the contract add a word to payment of loss, then great. Then that added qualification of being sworn kicks in as to those provisions. But if the appraisal doesn't require the added word, then you're stuck with the original defined term, which doesn't include any reference to swamming. Correct. Thank you. Okay. Thank you very much. Mr. Bates, Mr. Goldfein, any rebuttal? I'll be very quick. I will say that Your Honor's explanation of the proof of loss referenced in the appraisal clause without the word the and without the word sworn suggests a different proof of loss. And you have to give the party's intent there, and it's in the context of that particular provision. And the case law addressing- Proof of loss is a term that appears elsewhere in the policy. Everywhere that sworn does not appear, we should read it into the clauses where the word sworn does not appear? I mean- I don't understand. If that's the argument, that they're synonymous. Sworn proof of loss and proof of loss are synonymous. Is that your argument? And that sworn is implicit in every reference to proof of loss, including where the word sworn does not appear? No. Our argument here is- That's not it. Okay, but to the extent that you are requiring a sworn proof of loss, the reflection of a different language, a proof of loss, in the appraisal clause reflects the context of the appraisal clause. Again, using Milligan as the example, the July e-mails. The July e-mails, you know, we believe exhibited a dispute over the legal issue, not the amount. But if the e-mail said, I want precisely, I want a check for $50,922.18, and that is the amount that I want cash in the barrel head, that would have been okay? To you, that would have constituted a dispute that would have triggered the appraisal clause? Yes. Even though it was just an e-mail not sworn? Correct. Okay. Thank you, Your Honors. All right, we got our money's worth, that's for sure. Thank you all. We will reserve decision.